WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

(No. 6988—Claimant )

KANKAKEE INDUSTRIAL SUPPLY COMPANY, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 17, 1973.*

KANKAKEE INDUSTRIAL SUPPLY COMPANY, INC., Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

This cause coming on to be heard on the Joint Stipulation of the parties hereto and the Court being fully advised in the premises;

THIS COURT FINDS that the purpose of this expenditure by the Department of Mental Health is the reimbursement to the vendor in accordance with the contract between the vendor and the Department of Mental Health for five gallon returnable bleach drums that were not returned. In accordance with the contract the department is to pay a price of $9.00 to the vendor for each drum not returned. The claim was filed for an amount of $927.00, but an audit conducted by the claimant and Mr. Gerald C. Anderson, Business Administrator for the Kankakee State Hospital, has concluded that as of No-

vember 6, 1972, the date of the filing of this complaint, there were only 28 drums outstanding and not returned which would amount to $252 due and owing for drums on the date of the filing of the claim. It would appear from the audit that the supplying and return of drums is a continuing purpose and that it would be virtually impossible at any time to determine if the claimant had supplied drums that would never be returned. However, the inventory of the Kanakee State Hospital indicated that there were drums missing and that the number missing would not be greater than 81. However, this report of the inventory was a current figure as of October 2, 1973, and can not be relied upon by the claimant in their claim for nonreturned drums as of the date of filing the complaint in question.

In view of the fact that there are apparently drums missing which can not be returned and the number of drums missing which can not be returned as of the date of the filing of the complaint appears from the inventory to be 28, it is hereby ordered by this Court that the claimant be awarded the amount of $252 which is payment for 28 drums at $9 apiece.

It Is, Hereby Ordered that the sum of $252 (Two Hundred Fifty Two Dollars) be awarded claimant in full satisfaction of any and all claims presented to the State of Illinois under the above-captioned cause.